PATTERSON, P. J.; LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and order vacating *ex parte* order requiring plaintiff to give security for costs vacated, without prejudice to motion by defendant as stated in opinion. Settle order on notice.

---

CLENEN BISHOP, Respondent, *v.* WILLIAM HUGHES, Appellant.

First Department, February 8, 1907.

**Judgment on substituted service — when default not opened.**

When after diligent effort by the plaintiff to obtain service of summons on the defendant without success, an order for substituted service has been made and judgment in the action has been taken after default, the judgment should not be vacated or the default opened when the defendant's attorney admits that he received the summons and complaint before the entry of judgment, but was unable to communicate with the defendant, who was within the State. An attorney unable to communicate with his client under such circumstances should have appeared and obtained an extension of time to answer.

Although section 445 of the Code of Civil Procedure permits a defendant to be let in to defend, when the proposed answer states no defense, the judgment will not be vacated.

When the complaint, served by substituted service, asked for an injunction compelling the defendant to remove his personal property from the plaintiff's premises and the judgment on default allows excessive money damages, the defendant should be let in to defend the claim for damages unless the plaintiff consent to strike the same from the judgment.

APPEAL by the defendant, William Hughes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of December, 1906, denying the defendant's motion to vacate a judgment theretofore entered against him by default upon substituted service of summons, or to open such default.

*Wayland E. Benjamin,* for the appellant.

*Paul Armitage,* for the respondent.

INGRAHAM, J.:

We think the order for substituted service was regular, it appearing that the plaintiff had made diligent efforts to serve the summons upon the defendant without success, and that knowledge of the whereabouts of the defendant was persistently refused to those seeking to serve the summons, and that, therefore, the judgment entered upon the failure to appear and answer was regular.

The order for substituted service of the summons was granted on June 8, 1906, and on June 11, 1906, the service was made, and on the 12th of June, 1906, a copy of the summons and complaint was mailed to the defendant at his post office address in the city of New York. The defendant's manager admits that he received a copy of the summons and complaint on July seventh, and it was sent to the defendant's attorney, who now appears. The defendant's attorney admits receiving the summons and complaint in July, but alleges that he had difficulty in communicating with the defendant, who was then absent in the Catskill mountains; but it is a little difficult to see why there should have been any difficulty in communicating with defendant at that place. At any rate, the judgment was not entered until the twentieth of July, at which time the defendant had neither appeared nor answered. If there was any difficulty in communicating with the defendant the attorney could have appeared and obtained time to answer. The default was thus entirely unexcused. Section 445 of the Code of Civil Procedure provides that "the defendant or his representative must, in like manner, upon good cause shown, and upon just terms, be allowed to defend, after final judgment, at any time within one year after

personal service of written notice thereof, or if such a notice has not been served, within seven years after the filing of the judgment roll." The proposed answer is made a part of the motion papers, but if upon the conceded facts there was no defense to the action we do not think that the defendant should have been allowed to defend. We think it clear that the plaintiff was entitled to the injunction. It appeared without contradiction that personal property of the defendant had been left upon real property belonging to the plaintiff and that after the thirty-first of January the defendant had no right to continue to use the plaintiff's real property to store these articles of personal property, and that when the demand was made the defendant was bound to remove them. The plaintiff could not destroy defendant's property without subjecting himself to a claim by the defendant for its value, and no way is suggested by which the plaintiff could get rid of this property except by compelling the defendant to remove it, and as he had failed to remove it when the plaintiff demanded that he should, the plaintiff's only relief was an application to a court of justice to compel its removal. The plaintiff, therefore, had a right to apply for this injunction, and upon the conceded facts was entitled to it.

The plaintiff also asks to recover $1,000 damages caused by the defendant's failure to remove the property, and as to those damages a good defense is interposed. The plaintiff had obtained judgment against the defendant for $500. The evidence before the referee justifying a judgment for this amount is not satisfactory, and if the plaintiff insists upon enforcing this claim for damages, the defendant should have an opportunity of defending that claim. If, however, the plaintiff is willing to waive his damages, it is quite clear that there will be nothing to try, and the court was justified in denying the motion.

Our conclusion is, that if the plaintiff will stipulate to strike out of the judgment the provision awarding him damages, the motion should be denied, with ten dollars costs and disbursements. If, however, the plaintiff insists upon his claim for damages, then the order appealed from should be reversed and the motion granted, upon payment by the defendant to the plaintiff of sixty-five dollars, the taxed costs and disbursements, the judgment already entered to

stand as security until the final trial of the action, without costs of this appeal to either party.

PATTERSON, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred:

On plaintiff stipulating as directed in opinion, motion denied, with ten dollars costs and disbursements; otherwise, order reversed and motion granted on conditions stated in opinion. Settle order on notice.